**23 C.C.P.A.(Patents)**

### SEARS, ROEBUCK & CO. v. OLD COLONY SHOE CO.

#### Patent Appeal No. 3563.

Court of Customs and Patent Appeals.
April 6, 1936.

LENROOT, Associate Judge, dissenting.

————◆————

Edward D. Jones and Eugene E. Stevens, both of Chicago, Ill., for appellant.

Warren G. Ogden, of Boston, Mass., and Charles D. Davis, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Mark Interferences dismissing appellant's petition for cancellation of appellee's trade-mark Registration No. 254,472, issued March 26, 1929, under the Trade-Mark Act of February 20, 1905, as amended, for a trademark, the dominant feature of which is the words "Gold Bond," for use on boots and shoes.

In its petition for cancellation, appellant alleged that it was a corporation of the state of New York; that for many years it had been engaged in the sale and distribution of a general line of merchandise, including shoes, by mail and otherwise, in interstate commerce throughout the United States; that it operated about four hundred retail stores at various points in the United States; that the "annual volume" of its sales amounted to many millions of dollars; and that its "sales of shoes are large."

We quote from appellant's petition: "Petitioner alleges that long prior to the date of first use set up in respondent's registration, subject of this proceeding, petitioner advertised for sale in its big general catalogs which circulate nationally 'Gold Bond' shoes and that long prior to respondent's date of first use as set forth in the registration it is desired to cancel, petitioner received orders for 'Gold Bond' oxfords. Petitioner applies the words 'Gold Bond' as a trade-mark to shoes by stamping them in the soles thereof and also by printing them on boxes containing said shoes. Petitioner's 'Gold Bond' shoes have been extensively sold in interstate commerce and are now so sold. As a result of the excellence of the product sold by petitioner under the

name 'Gold Bond,' petitioner has built up an extremely valuable good will. The words indicate to a very substantial portion of the public shoes of high quality sponsored by petitioner. The volume of money spent by petitioner so to advertise its 'Gold Bond' trade-mark for shoes is large."

Appellant further alleged that it had advertised its "Gold Bond" shoes in its catalogues since as early as July, 1926; that "in addition petitioner's said 'Gold Bond' shoes have been advertised in flyers and other advertising media with the result that the name is being constantly kept before the public as identifying shoes sold by this petitioner"; that, subsequent to the registration of its mark, appellee had attempted to prevent appellant's use of the term "Gold Bond" in "connection with the sale and advertisement of [appellant's] shoes"; that appellee was not entitled to the use of its mark on the date of its application for registration; that appellant deemed itself injured by such registration, and, accordingly, prayed that it be canceled.

Thereafter, on June 13, 1933, appellee moved to dismiss the petition for cancellation on the ground that, although it appeared that appellant had used the term "Gold Bond" in advertising its shoes, it did not appear that it had used the mark, or one confusingly similar thereto, on boots and shoes "as a trade-mark" prior to the date of appellee's registration.

In his decision affirming the decision of the Examiner of Trade-Mark Interferences, the Commissioner of Patents reviewed many authorities upon the subject, and held that as appellant had failed to allege a trade-mark use of the term "Gold Bond," prior to the date of appellee's registration, it was not entitled to relief under section 13 of the Trade-Mark Act of February 20, 1905, as amended (15 U.S. C.A. § 93), which reads: "Sec. 13. That whenever any person shall deem himself injured by the registration of a trade-mark in the Patent Office he may at any time apply to the Commissioner of Patents to cancel the registration thereof. The commissioner shall refer such application to the examiner in charge of interferences, who is empowered to hear and determine this question and who shall give notice thereof to the registrant. If it appear after a hearing before the examiner that the registrant was not entitled to the use of the mark at the date of his ap-

plication for registration thereof, or that the mark is not used by the registrant, or has been abandoned, and the examiner shall so decide, the commissioner shall cancel the registration. Appeal may be taken to the commissioner in person from the decision of examiner of interferences."

It will be observed that, although appellant alleged in its petition for cancellation that it had advertised its "Gold Bond" shoes, and had received some orders for " 'Gold Bond' oxfords" long prior to appellee's date of first use, as set forth in its trade-mark registration, the petition contains no allegation that appellant had applied its alleged trade-mark to its goods, or that it had actually sold its goods under its mark. It is alleged in the petition, however, *that it is now using* the notation "Gold Bond" as a trade-mark on its shoes.

The declaration that appellant advertised its shoes as "Gold Bond" shoes, and received some orders for " 'Gold Bond' oxfords," prior to appellee's first use of its mark, is not an allegation of a trade-mark use, or of a use analogous thereto, of the term "Gold Bond."

Counsel for appellant relies to a considerable extent upon our decision in the case of John Wood Manufacturing Co. v. Servel, Inc., 77 F.(2d) 946, 22 C.C.P.A. (Patents) 1370, wherein this court, after reviewing the authorities on the subject, held that, although appellee, Servel, Inc., did not allege in its notice of opposition that the word "Hostess" was used by it as a trade-mark, it nevertheless did allege that its use of the word was analogous to a trade-mark use "in that [it was stated] one of its models of refrigerators had become popularized and identified in the mind of the public as the product of appellee"; that it indicated to the purchasing public that refrigerators, sold under the name "Hostess," originated with appellee; that the use by appellee was analogous to a trade-mark use; that it was entitled to use that term in connection with the marketing of its goods; that appellant was not entitled to its exclusive use; and that, therefore, appellee would be damaged by the registration of the mark to appellant.

An entirely different situation is presented by appellant's petition in the case at bar. It did not allege a trade-mark use, or one analogous thereto, of the term "Gold Bond," prior to appellee's first use of the mark. In other words, the petition contains no allegation that the term

"Gold Bond," as used by appellant prior to appellee's first use thereof, indicated to the purchasing public that "Gold Bond" boots and shoes originated with appellant. Accordingly, appellant failed to allege facts, which, if established on the trial, would entitle it to relief under the provisions of section 13, supra.

We are in accord with the conclusion reached by the tribunals of the Patent Office, and, for the reasons hereinbefore stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.

LENROOT, Associate Judge, dissents.